UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER D. SCHNEIDER, | No. 2:14-cv-0804 GEB AC PS |
| Plaintiff, | |
| v. | ORDER |
| SUTTER AMADOR HOSPITAL, ET AL., | |
| Defendants. | |

Plaintiff, proceeding pro se, has filed a request to seal documents pursuant to Local Rule 141. Essentially, plaintiff seeks a blanket sealing order because of the nature of various documents that are anticipated to be filed in this case, including plaintiff's medical records and a confidential DMV Morbidity Report.

Local Rule 141(a) states that "[d]ocuments may be sealed only by written order of the Court, upon the showing required by applicable law." A court order is required for each sealing request. "To ensure that documents are properly sealed, specific requests to seal must be made even if an existing protective order, statute, or rule requires or permits the sealing of the document." E.D. Local Rule 141(a).

Local Rule 141(b) sets forth the procedure for seeking to file documents under seal and states in pertinent part:

[T]he 'Notice of Request to Seal Documents shall be filed

1

> electronically. . . . The Notice shall describe generally the documents sought to be sealed, the basis for sealing, the manner in which the 'Request to Seal Documents,' proposed order, and the documents themselves were submitted to the Court, and whether the Request, proposed order, and the documents were served on all other parties.

Rule 141(b) further requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons permitted access to the documents, and all other relevant information." In light of these requirements, the court finds that plaintiff's request that the Clerk of the Court file documents under seal without a further court order is procedurally improper and does not comply with the requirements of Local Rule 141.

The court also finds that plaintiff's request is grossly overbroad. Every court has supervisory power over its own records and files, and may provide access to court documents at its discretion. See Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978)). In the Ninth Circuit, there is a strong presumption in favor of access to court records. See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003) (stipulated order without more insufficient basis to seal court records). However, "access to judicial records is not absolute." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). In determining what standard to apply to requests to seal, the Ninth Circuit distinguishes between non-dispositive and dispositive motions. Id. at 1180.

To seal documents filed with a dispositive motion, a party "must meet the high threshold of showing that 'compelling reasons' support secrecy." Id. That is, the party requesting to seal "must articulate[ ] compelling reasons supported by specific factual findings . . . that outweigh . . . public interest in understanding the judicial process." Id. at 1178-79 (internal citation and quotation marks omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Id. at 1179 (quoting Nixon v.

1  Warner Communs., Inc., 435 U.S. 589, 589 (1978)).

2  On the other hand, a party requesting to seal a document filed with a nondispositive
3  motion needs only to demonstrate "good cause." Id. at 1180.  This is because the public's interest
4  in non-dispositive materials is weaker than its interest in dispositive materials. Pintos v. Pac.
5  Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010).  To satisfy the "good cause" standard, "the
6  party seeking protection bears the burden of showing specific prejudice or harm will result . . ." if
7  the request to seal is denied. Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d
8  1206, 1210-11 (9th Cir. 2002).  "Broad allegations of harm, unsubstantiated by specific examples
9  or articulated reasoning" are insufficient. Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470,
10 476 (9th Cir. 1992) (quoting Cipollone v. Liggett Grp., Inc., 785 F.2d 1108, 1121 (3d Cir. 1986)).

11 The court need not address the question what standard to apply to a blanket sealing
12 request because the court finds plaintiff cannot meet the "good cause" requirement, which is a
13 lower standard than the "compelling reasons" standard for dispositive motions.  While the court is
14 aware of plaintiff's privacy concerns, plaintiff has not shown good cause why all (or even the vast
15 majority) of the documents anticipated to be filed in this case should be sealed instead of simply
16 redacted on a document-by-document basis.

17 Accordingly, IT IS HEREBY ORDERED that:

18 1. Plaintiff's March 31, 2014 request to seal documents (ECF No. 2) is denied; and

19 2. The Clerk of the Court is directed to unseal this action.

20 DATED: April 14, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE