1

2

3

4

5

6

7

8             UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER D. SCHNEIDER,                No.  2:14-cv-0804 GEB AC PS

12              Plaintiff,

13        v.                                  ORDER

14   SUTTER AMADOR HOSPITAL, ET AL.,

15              Defendants.

16

17        Pending before the court are three motions to dismiss filed pursuant to Federal Rule of

18   Civil Procedure 12(b)(6).  Two of the motions to dismiss are scheduled to be heard on June 18,

19   2014 (ECF Nos. 27, 31) and the third is scheduled to be heard on June 25, 2014 (ECF No. 32).

20   This action was referred to the undersigned pursuant to Local Rule 302(c)(21).

21        Also pending is plaintiff's ex parte request to stay the proceedings.  ECF No. 35.  This

22   request is based on the pendency of a Writ of Mandamus plaintiff filed in State court and also on

23   his inability to access public transportation (and thereby to legal materials) because he lives in a

24   very rural area.

25        Generally, a district court has discretionary power to stay proceedings before it.  Lockyer

26   v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005).  This power to stay is "incidental to the

27   power inherent in every court to control the disposition of the causes on its docket with economy

28   of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248,

1

254 (1936); see also Gold v. Johns-Manville Sales Corp., 723 F.2d 1068, 1077 (3rd Cir. 1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand).  Economy of time and effort is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance."  Landis, 299 U.S. at 254-55.

When considering a motion to stay, the court weighs a series of competing interests: (1) the possible damage that may result from the granting of the stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplification or complication of issues, proof, and questions of law that could be expected to result from a stay.  CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 254-55); see also Lockyer, 398 F.3d at 1109.  As the Ninth Circuit has noted, "Landis cautions that 'if there is even a fair possibility that the stay . . . will work damage to some one else,' the party seeking the stay 'must make out a clear case of hardship or inequity.'"  Lockyer, 398 F.3d at 1112 (quoting Landis, 299 U.S. at 255).  Because the Court finds that plaintiff has not met his burden of making a clear case of hardship or inequity, the motion to stay will be denied.

Plaintiff has also asked for leave to file an amended complaint.  Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Here, plaintiff's request to amend came within 21 days of the filing of defendants' motions to dismiss, thus leave was not required to file an amended complaint.  Plaintiff, though, did not file an amended pleading within the 21-day timeframe contemplated by Rule 15(a); he only filed a request for leave to amend.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's ex parte request to stay proceedings (ECF No. 35) is denied;

2.  The hearing dates of June 18, 2014 (ECF Nos. 27, 31) and June 25, 2014 (ECF No.

32) are vacated from calendar. Hearing on all three of defendants' motions to dismiss is continued to August 6, 2014 at 10:00 a.m. in Courtroom #26;

3. Should plaintiff choose to amend his pleading, he shall file an amended complaint within 21 days of the date of this order.[1]  Should plaintiff fail to file an amended complaint, plaintiff's opposition to defendants' motions to dismiss shall be due on or before July 23, 2014.

DATED: June 9, 2014

_allison Clare_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court denies plaintiff's supplementary request that he be granted leave to amend his pleading 14 days after his State court Writ of Mandamus is resolved.